UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY WALTON,<br><br>                Plaintiff,<br>   v.<br><br>ROSSDALE GROUP, LLC,<br><br>                Defendant. | Case No.: C 10-05887 PSG<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff Timothy Walton's ("Walton") motion to remand was heard on March 15, 2011. Defendant Rossdale Group, LLC ("Rossdale") presented oral argument in opposition to the motion; Walton did not appear. Having considered the materials submitted to the court and the oral argument, for the reasons below, the motion is GRANTED.

This action was originally filed in Superior Court of the State of California, County of Santa Cruz. The complaint alleges that Rossdale has violated California's restrictions on unsolicited commercial e-mail advertisers (Cal. Bus. & Prof. Code 17529.2) and the Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq*.) and has tortiously invaded Walton's privacy. The complaint requests relief in the form of liquidated damages, actual damages, punitive damages, an injunction, declaratory relief, attorney's fees as allowed by law, costs of suit, and any other relief the court deems proper.

On December 27, 2010, Rossdale filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. On January 10, 2011, Walton filed a motion to remand arguing

the amount in controversy is less than $75,000, the amount required for federal jurisdiction based on diversity. On January 26, 2011, Walton filed a first amended complaint.

## I. LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441, provides in part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."[1] District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded.[3]

Upon a motion to remand to state court, the party asserting federal jurisdiction has the burden of proof. "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."[4] "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[5] In cases such as this in which a plaintiff's state court complaint does not specify an exact figure for damages, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum.[6] A defendant must therefore prove that it is "more likely than not" that the amount in controversy is over $75,000.[7]

In determining whether the defendant has made such a showing, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in

---

[1] 28 U.S.C. § 1441(a).

[2] *See* 28 U.S.C. § 1332.1

[3] *See* 28 U.S.C. § 1447(c).

[4] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

[5] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotation omitted).

[6] *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[7] *See id.*

controversy.[8] Where the complaint does not specify a damages amount, the court can look at facts in the complaint and require the parties to submit evidence relevant to the amount in controversy.[9] The amount in controversy is determined as of the date of removal.[10] A speculative argument as to the amount in controversy is insufficient.[11] The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.[12]

## II. DISCUSSION

### A. LIQUIDATED DAMAGES

At the time of removal, the amount of liquidated damages requested in the complaint was $1,000 for each of seventeen emails, a total of $17,000. Although the amended complaint claims $1,000 for each of twenty-seven emails, or $27,000, the amount in controversy is determined as of the date of removal.[13] Thus, for purposes of Walton's pending motion to remand, the relevant quantity of liquidated damages is $17,000. The liquidated damages are the only award for which an amount is specified in the complaint.

### B. PUNITIVE DAMAGES

Rossdale argues that if Walton's claims were found to be true, Rossdale could easily be exposed to punitive damages in the amount of three times $27,000, the liquidated damages claimed in the amended complaint, or $81,000. Rossdale's only basis for estimating punitive damages at three times the amount of liquidated damages claimed in the amended complaint is a citation to an inapposite case

---

[8] *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

[9] *See id* at 377.

[10] *See Lippold v. Godiva Chocolatier, Inc.,* No. 10-00421 SI, 2010 WL 1526441, at *1 (N.D. Cal. Apr. 15, 2010) (*citing Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)).

[11] *See Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).

[12] *See* 28 U.S.C.A. § 1332(a) (excluding costs); *Miller v. Michigan Millers Ins. Co.*, No. C-96-4480 MHP, 1997 WL 136242, at *3 (N.D. Cal. Mar. 12, 1997).

[13] The new amount of liquidated damages, $27,000, would also be insufficient to reach the jurisdictional amount.

1  that involved a different legal standard and a different cause of action.[14] "Defendant's burden cannot be
2  met simply by pointing out that the complaint seeks punitive damages and that any damages awarded
3  under such a claim could total a large sum of money, particularly in light of the high burden that must
4  be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages."[15]
5  Rossdale has not provided any reliable basis for the court to determine that it is more likely than not that
6  a potential punitive damage award could sufficiently increase the amount in controversy to meet the
7  jurisdictional requirement.

**C. ATTORNEY'S FEES**

Rossdale argues that although Walton is representing himself, nothing stops Walton from hiring an attorney later in the litigation, and therefore the court should consider attorney's fees as part of the amount in controversy. Although nothing prevents Walton from finding counsel later in the litigation, the amount in controversy is determined as of the date of removal. At the time of removal, Walton was representing himself, and Walton concedes that he may not claim fees in this case while acting on his own behalf.[16] As a result, no fees may be included in calculating the amount in controversy.

**D. INJUNCTIVE RELIEF**

The complaint requests an injunction prohibiting Rossdale "from sending unlawful commercial email advertising."[17] Rossdale claims this injunction would result in bar associations denying or decertifying Rossdale as a provider of continuing legal education ("CLE"), difficulty in obtaining certification in states where Rossdale is planning to apply to provide CLE, legal fees and costs to demonstrate to the court that it has complied with the injunction, loss of income until the court deems it has complied, loss of good will, defending itself in litigation after it has become a target by others like Walton, and difficulty attracting lectures.

---

[14] *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (evaluating a decision to dismiss a case in which the complaint, on its face, claimed damages in excess of the jurisdictional amount, and thus the "legal certainty" standard was applied).

[15] *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).

[16] *See* 2/15/11 Reply Brief Supp. Mot. To Remand at 4:7-8 (Docket 19) (*citing Trope v. Katz*, 11 Cal. 4th 274, 280-81 (1995)).

[17] Verified Complaint ¶ 61 (Docket No. 1-1).

In order to assist the court in determining the amount in controversy, Rossdale periodically ceased sending notifications to California residents and measured Rossdale's change in income from California customers.[18] Walton's requested injunction, however, would prohibit Rossdale only from sending commercial email advertising that violates California law; it would not prohibit Rossdale from using email to advertise at all. Thus, the court has no basis upon which to determine the loss to Rossdale of changing its email advertising practices.[19]

Furthermore, Rossdale has not demonstrated that these losses are likely to follow an injunction. Rather, Rossdale seems to be listing losses that it believes may follow if Walton prevails regardless of whether there is an injunction.[20] Susan Lunden ("Lunden"), the CEO of Rossdale, states that most of these events would result if "this court, or any court, were to find Rossdale to have engaged in fraud, even without imposing an injunction."[21] Rossdale, however, is not accused of fraud,[22] and thus Rossdale's argument about the effect of a finding of fraud on their business is misapplied. Rossdale therefore has not provided a reliable basis for the court to determine that it is more likely than not that an injunction could sufficiently increase the amount in controversy to meet the jurisdictional requirement.

Given "[t]he strong presumption against removal jurisdiction" and in favor of remand, the court holds that defendant has not shown, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of more than $75,000. The court therefore lacks diversity

---

[18] *See* 2/9/2011 Susan Lunden Decl. ¶¶ 17-33 (Docket No. 18).

[19] Rossdale cites *Franceschi, Jr. v. Harrah's Entm't, Inc*, 2:10-CV-00205, 2011 WL 9305 (D. Nev. Jan. 3, 2011), in which a Nevada district court held that an injunction requiring an advertiser to redesign its advertising campaigns and amend all marketing materials to include a lengthy disclosure would easily exceed $75,000. This case is inapposite because Walton has not requested Rossdale make a similar disclosure in its advertisements.

[20] *See, e.g.*, Lunden Decl. ¶ 34 ("Even without a formal injunction, Rossdale would be forced to cease its CAN-SPAM compliant marketing to residents of California if Plaintiff prevails").

[21] Lunden Decl. ¶ 57.

[22] *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805 (Ct. App. 2011) (explaining how Section 17529.5 is distinct from common law fraud); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009) (explaining that fraud is not an essential element of a proper Consumers Legal Remedies Act claim).

1  jurisdiction to hear this case.

3  Dated: April 4, 2011

```
                                    _____
                                    PAUL S. GREWAL
                                    United States Magistrate Judge
```